UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LATRON ANDERS                                    CIVIL ACTION

VERSUS                                           NO. 07-5536

WARDEN                                           SECTION: "F"(5)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. § 2254 application for federal habeas corpus relief of petitioner, Latron Anders, the State's response to the petition, and Anders' traverse to the State's response. (Rec. Docs. 2, 11, 12). Having determined that an evidentiary hearing is not necessary, it is recommended, for reasons that follow, that Anders' petition be dismissed with prejudice.

Petitioner Anders is a state prisoner who is currently incarcerated at the David Wade Correctional Center, Homer, Louisiana. On February 17, 2000, pursuant to a plea agreement with the State, Anders entered an Alford [1]/ plea to one count of simple burglary of an inhabited dwelling, one count of attempted simple burglary of a patrol car, one count of aggravated arson, and two counts of forgery in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, and was thereupon sentenced to concurrent jail terms of ten years, five years, fifteen years, ten years, and ten years, respectively. [2]/ (St.ct.rec., vol. 1, tab 2; vol. 2,

---

[1]/ North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160 (1970).

[2]/ The pleas were entered in case Nos. 98-7291, 99-1101, 99-5842, and 99-5243, respectively, on the docket of that court.

tab 18; vol. 3, tab 25; vol. 4, tab 33). As an additional aspect of the plea agreement, Anders then admitted to being a multiple offender in the context of his burglary case, whereupon his original ten-year sentence was vacated and he was sentenced to fifteen years under LSA-R.S. 15:529.1 with said sentence to be served concurrently with those imposed in his three other criminal cases. (St.ct.rec. vol.1, tab 3). Anders did not directly appeal his convictions or sentences which thus became final on February 25, 2000 when the five-day period for him to do so, exclusive of holidays and intervening weekends, then prescribed by LSA-C.Cr.P. Art. 914 (B)(1) expired and no motion therefor was made. See Cousin v. Lensing, 310 F.3d 843, 845, (5th Cir. 2002), cert. denied, 539 U.S. 918, 123 S.Ct. 2277 (2003).

Thereafter, Anders filed various motions in all four of his criminal cases in an attempt to withdraw his Alford plea, to modify his sentence, and/or to enforce the terms of a plea agreement he alleged had not been kept. For present purposes suffice it to say that he earliest date that he filed any such motions was on May 30, 2002 when he signed and dated a motion to withdraw the guilty plea in his burglary case. (St.ct.rec., vol. 1, tab 7).

Under 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996) (effective April 24, 1996), state prisoners like Anders have one year from the date that their convictions become final to timely seek federal habeas corpus relief. Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period. Although the State has done so in this case, the one-year time bar may be raised by the

2

Court sua sponte. Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999).

As noted above, Anders' convictions became final on February 25, 2000 when the five-day appeal period prescribed by Article 914(B)(1) expired and no motion therefor was made. At that point, the one-year limitation period set forth in § 2244(d) began to run and had long since expired when he signed the motion to withdraw the guilty plea in his burglary case on May 30, 2002. As no facts have been presented warranting the application of equitable tolling, Anders' petition should be dismissed as untimely under § 2244(d).

Alternatively, the State argues that a review of Anders' claims for habeas corpus relief is procedurally barred here because he has never presented said claims to the Louisiana Supreme Court for its consideration and the time for him to do so under LSA-C.Cr.P. Art. 930.8 has expired. (Rec. Doc. 11, pp. 8-9). On that score, the State is correct.

Related to the exhaustion requirement codified in 28 U.S.C. § 2254(b)(1) is the doctrine of procedural default, another separate but distinct limit on the availability and scope of federal habeas review. See Nobles v. Johnson, 127 F.3d 409, 420-23 (5th Cir. 1997), cert. denied, 523 U.S. 1139, 118 S.Ct. 1845 (1998). "A procedural default...occurs when a prisoner fails to exhaust available state remedies and 'the court to which the petition would be required to present his claims would now find the claims procedurally barred.'" Id. at 420 (quoting Coleman v. Thompson, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 2557 n.1 (1991)); Sones v. Hargett, 61 F.3d 410, 416 (5th Cir. 1995).

With limited exceptions not relevant here, Article 930.8 of the Louisiana Code of Criminal Procedure provides that no application for post-conviction relief shall be considered by

the state courts if it is filed more than two years after the judgment of conviction and sentence of a defendant have become final. The Fifth Circuit has determined that Article 930.8 constitutes an independent and adequate state rule that is regularly applied by the state courts. Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997), cert. denied, 523 U.S. 1125, 118 S.Ct. 1811 (1998).

Anders admits on the face of his petition that he has never presented the claims upon which he seeks habeas relief to the Louisiana Supreme Court for its consideration. (Rec. doc. 2, pp. 5, 6). Accordingly, federal habeas review of his claims is barred unless Anders can establish cause for his procedural default and actual prejudice as a result of the alleged constitutional violations, or if he can demonstrate that the failure to entertain the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991). No such showing has been made here. Without a showing of cause, the Court need not consider the element of prejudice. See Murray v. Carrier, 477 U.S. 478, 494-95, 106 S.Ct. 2639, 2649 (1986). Likewise, because Anders makes no colorable showing of actual innocence, he has not demonstrated that a fundamental miscarriage of justice will occur if his claims are not considered. Glover, 128 F.3d at 904.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Latron Anders be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal, the unobjected-to proposed factual findings and legal conclusions accepted

by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this   17th   day of March, 2009.

                                             *Alma L. Chasez*
                                   UNITED STATES MAGISTRATE JUDGE